981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
CENTURY CLINIC, Defendant-Appellant.
 No. 92-15534.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1992.*
Decided Dec. 24, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 ORDER**
 
 
 2
 Century Clinic, Inc. appeals a district court order affirming a magistrate judge's denial of a Fed.R.Crim.P. 41(e) motion for return of property seized. Century Clinic contends that it was denied effective assistance of counsel during the hearing on the motion, and that the district court's order must be reversed in light of the magistrate's allegedly erroneous ruling. We lack jurisdiction to consider Century Clinic's claim.
 
 
 3
 Generally, only final orders are appealable. 28 U.S.C. § 1291. Nevertheless, certain interlocutory orders may be reviewed on appeal. 18 U.S.C. § 3731. An order granting or denying a Fed.R.Crim.P. 41(e) motion for return of seized property is a final appealable order "if the motion is solely for return of property and is in no way tied to a criminal prosecution in esse against the movant...." DiBella v. United States, 369 U.S. 121, 131-32 (1962).
 
 
 4
 Century Clinic argues that this court has jurisdiction over the district court's order denying the motion for return of property because no criminal prosecution is pending. The government asserts that a criminal prosecution is pending due to an ongoing grand jury investigation. Century Clinic does not dispute that the grand jury investigation is ongoing. An ongoing grand jury investigation at the time of the ruling on the motion for return of property constitutes a criminal proceeding in esse. DeMassa v. Nunez, 747 F.2d 1283, 1287 (9th Cir.1984), reh'g granted on other grounds, 770 F.2d 1505 (1985). Because Century Clinic's Fed.R.Crim.P. 41(e) motion is tied to a criminal prosecution in esse, we have no jurisdiction to review the district court's order.
 
 
 5
 Furthermore, the district court's order is not appealable because Century Clinic's motion was not made "solely for the return of property." DiBella, 369 U.S. at 131-32. Century Clinic moved for the unsealing of the applications and affidavits for search warrants, the return of certain patient files that were seized, and the return of some or all of their Dermatrons.[1] By moving for the unsealing of their search warrants, Century Clinic placed its motion outside of the DiBella exception for appellate jurisdiction. See id.
 
 
 6
 For the foregoing reasons, Century Clinic's appeal is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This order is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 According to the findings of the magistrate, the Dermatron is an electronic instrument promoted for use in diagnosis and treatment of disease or other conditions through "electronic acupuncture." Through readings on a dial, the machine indicates whether a patient has a broad range of conditions or diseases including "Chernobyl radiation, Nevada underground radiation, Epstein-Barr syndrome, viruses, food and environmental allergies, malnourishment, lung disease, kidney disease, exposure to hepatitis, formaldehyde poisoning, bubonic plague, and high cholesterol."